BISHOP, EXR., APPELLEE, *v.* FULLMER ET AL., APPELLEES;
WISSLER, APPELLANT.

(No. 211—Decided February 6, 1960.)

*Mr. Reeder C. Hutchinson,* for plaintiff-appellee.
*Mr. Randall F. Fullmer,* for defendant-appellees.
*Mr. Alner D. Ryan,* for appellant.

MIDDLETON, J. This is an appeal on questions of law from the judgment of the Probate Court construing item one of the will of John A. Burke, which reads as follows:

"I give and devise to my son, Donald Burke, the farm on which I reside, containing 60 acres, described as follows: Being the north half of the west half of the southwest quarter of Section 25 and the west half of the southwest quarter of Section 25, in Town 5, north of Range 4 east, in Tiffin Township, Defiance County, Ohio. And in the case of the death of my son,

Donald, before I do depart this life I desire the said property go to my sister, Cora Wissler."

The following undisputed facts are disclosed by the record. The son, Donald Burke, named in item one of the will, died prior to the death of the testator. In January 1956, in an action in the Probate Court, John A. Burke was found to be "an incompetent person by reason of advanced age and physical disability." Subsequent to the appointment of a guardian the real estate described in item one of his will was sold by the guardian for the sum of $7,800. The sole asset of decedent's estate is the identical money derived from the sale of the real estate remaining at the death of the testator. The plaintiff, as executor of the estate of John A. Burke, deceased, filed this action to obtain the instruction of the court as to the true construction of item one of the will and his duties with regard to the distribution of the remaining assets of the estate. Upon motion, the judgment entered on the first trial was set aside and a new trial ordered. Upon the retrial, all evidence received related solely to the mental capacity of the decedent at the time of the sale of the real estate by the guardian and subsequent thereto until decedent's death. At the conclusion of the second trial, the defendant, Cora Wissler, requested the court to state in writing the conclusions of fact separately from the conclusion of law and to answer the following interrogatory, to wit:

"Was John A. Burke mentally competent to make a new will at the time his farm was sold by his guardian or at any time thereafter until his death?"

Pursuant to said request, the court filed what is designated "written conclusions of fact and answer to interrogatory." In the findings the court stated:

"There is only one question raised in this proceeding: Was there an ademption of the devise contained in item one of the will of John A. Burke. At the original hearing, held in December, 1958, the court permitted evidence to be introduced touching upon the mental competency of John A. Burke. This evidence was permitted to be introduced under favor of *Roderick* v. *Fisher*, 97 Ohio App., 95, although at the time of such hearing the court did not believe such testimony was competent.

"In the court's opinion, rendered December 30, 1958, the court did not take into consideration the evidence tending to establish the mental competency of the decedent, John A. Burke, and at that time rendered the opinion that item one of the will was adeemed. However, on March 2, 1959, upon a motion filed by the defendant, Cora Wissler, the court granted a new trial solely on questions of law. And the court found, as in his first original opinion, that item 1st of said will is adeemed. This opinion was rendered under favor of the *Bool case* decided May 23, 1956, and reported in 165 Ohio St., 262.

"The question of whether or not there was an ademption is the only finding of fact required to be made and that was answered in both opinions rendered by the court.

"Coming now to the interrogatory, the court respectfully declines to answer for the reason that it is not pertinent to the issues in the case and cites in support thereof, the *Bool case* heretofore referred to."

Thereafter, judgment was entered, finding item one of decedent's will was a specific devise of the farm, and that it "is adeemed as a matter of law by virtue of the extinction of the thing devised and that since said will contains no residuary clause, it is ordered that whatever remains of the proceeds of the sale of said farm, after the payment of the just debts of the estate and the proper expenses of its administration, be distributed by the plaintiff-executor as provided by the laws of descent and distribution of the state of Ohio." From this judgment, appeal is prosecuted to this court.

The appellant, in her assignment of errors, sets forth two claimed errors committed by the trial court, to wit:

"Assignment of Error No. 1: The court erred in its ruling that item one of the will of John A. Burke had been adeemed and in declining to consider the evidence that John A. Burke was mentally incompetent to make a new will at the time his farm was sold by his guardian and at all times thereafter until his death;

"Assignment of Error No. 2: The trial court erred when it declined to state in writing, the conclusions of fact found separately from the conclusions of law and to answer an interrogatory."

As stated by the trial court, the ultimate question presented is whether or not the devise contained in item one of decedent's will was adeemed by the sale of the property by the guardian. If the devise was adeemed, then the remaining proceedings of the sale of the farm are to be distributed as provided by the law of descent and distribution. Conversely, if the devise was not adeemed by the sale of the farm the proceeds remaining from the sale are to be distributed to the defendant, Cora Wissler.

It will not be questioned that where a testator during life disposes of property devised it results in the ademption of the devise. So in the instant case, if the testator had not been under guardianship, his mental competency not in question, and the property devised had been sold by him during life, the devise of the property would be adeemed.

We are of the opinion that the claimed mental incompetency of the testator at the time of sale by the guardian, which incompetency it is claimed continued until his death, clearly distinguishes the case at bar from the general rule and the cases cited. The plaintiff relies upon the case of *Bool, Exr.,* v. *Bool,* 165 Ohio St., 262, 135 N. E. (2d), 372, 61 A. L. R. (2d), 440, which the trial court also relied upon for his decision as controlling the case at bar. We do not so read this cited case. The factual situation in the *Bool case* is completely different than in the case before this court. In the *Bool case,* the testator was not under guardianship and all transactions took place during the lifetime of the testator. The shares of stock described in his will were redeemed by appropriate action of the issuing corporation, and the mental competency of the testator was at no time questioned. In the *Bool case,* it is stated in the first paragraph of the syllabus, to wit:

"Where the subject of a specific bequest has been extinguished in the lifetime of a testator, such bequest is adeemed, and the designated beneficiary thereof is wholly deprived of it or any property in lieu of it, in the absence of a contrary expression in the will."

However, it must be borne in mind that the syllabus of the Supreme Court states the law with reference to the *facts upon which it is predicated* and will not be regarded as controlling

in another case in which the *controlling facts are totally different*, even though the legal questions involved are identical. 14 Ohio Jurisprudence (2d), 683, Courts, Section 248, and cases cited thereunder.

The factual situation in the case at bar was not before the Supreme Court in the *Bool case*, nor in the case of *Roderick et al., Exrs., v. Fisher, supra,* and the decisions in those cases are not controlling in the instant case, which requires the application of a different principle of law.

It is the contention of the plaintiff that the testator was at all times competent to make a will, and therefore competent to change the will after the farm was sold, if he desired to do so. The defendant, on the other hand, claims that the testator was mentally incompetent to execute a new will at the time the farm was sold, that the incompetency continued until his death and that the sale of the farm by the guardian should not operate as a change in the testamentary devise of the property. The evidence on the question of the testamentary capacity of the testator is in conflict, and this issue, in the opinion of this court, is a vital and controlling issue to be decided by the court.

It is the opinion of the court that the trial court was required, upon request, to answer the interrogatory presented, and his refusal to do so was error and prejudicial to the appellant. For the same reason it was error for the trial court to decline to consider the mental competency of the testator to make a new will at the time the farm was sold and at all times thereafter until his death.

Whether or not the court erred in entering judgment that item one of testator's will had been adeemed cannot be decided on this appeal. It is recognized that if the court, after considering the evidence relating to the mental competency of the testator and upon answering the interrogatory submitted, finds that the testator was at the time of the sale of the property, or thereafter, mentally competent and had the testamentary capacity to make a new will, then the judgment that item one was adeemed would not be erroneous. On the other hand, if the court finds upon a consideration of the evidence that the testator because of mental incompetency did not have testamentary

capacity to make a new will at the time of the sale of the farm, which lack of testamentary capacity continued until his death, then, and in that event, the judgment holding item one of the will was adeemed would be error.

For the reasons herein stated, we hold that the trial court erred in refusing to answer the interrogatory submitted by the defendant and in failing to consider the evidence relating to the mental competency of the testator. The judgment is reversed and the cause is remanded, with instruction to the trial court to answer the written interrogatory submitted by defendant and to amplify its written findings of fact and conclusions of law to include a specific finding on all issues raised by the pleadings and evidence, and for further proceedings according to law.

*Judgment reversed.*

YOUNGER, P. J., and GUERNSEY, J., concur.